Council for pellet please approach Thank you, I'd like to reserve two minutes for rebuttal, okay May please the court good morning your honors. My name is Larry Smith. I represent the plaintiffs in this matter Michael Preston and Penelope Turgeon Mr. Preston and Miss Turgeon each bought brand new Honda vehicles And when they purchased these vehicles they got with it a warranty a new vehicle warranty as was presented to them and As they expected the warranty would cover all mechanical breakdowns Each of them were operating their vehicle on a roadway normally When the power steering of each of their vehicles went out and the car died They contacted Honda asked them to bring the vehicle into a repair facility where a Honda Certified repair technician came and told these people each of them that the soy wiring of their vehicles Rodents attacked it shoot him up and caused this breakdown. This is not covered under their warranty This is gonna be under their own dime. However, so why wasn't that a design defect as opposed to? Warranty issue well Perhaps it is a design defect and we didn't bring a breach of a warranty case because the warranty specifically excludes Design defects, right? So what's your theory? What's your theory of the case? So we have two different theories your honor We have a theory under the Illinois consider both, Illinois Consumer Fraud Act theories There's a deceptive practices in the omission of material facts And then there's also unfairness claims and the company-wide decision to not repair these particular problems this materials defect Illinois Consumer Fraud case you've got to show a communication which was misleading or Omitted a material fact. What's the communication that Honda made? that was didn't have an Respect for your honor. That would be a Communication that is misleading would be a misrepresentation and we do not bring a misrepresentation case here This is an omissions theory case now Under the Illinois Consumer Fraud Act, so the Illinois Consumer Fraud Act It's it's a unique act because it was created to be more expansive than common law fraud It was created to be a remedial act and give consumers rights against deceptive and unfair practices So the requirements of a claim under the Illinois Consumer Fraud Act are deceptive or unfair actor practice in the course of commerce With the intent that the consumer rely on the deception or the act or omission and Approximately causing damages in the statute itself and in the case law and conic that we presented by the Supreme Court Notably absent from the requirement is that the consumer plead that they actually relied on the act or omission I'm asking about the element of communication. What is the communication that Honda made to your clients? omitted the material fact that the soy based Wrapping was on the wires Honda communicated the warranty and said that the warranty will cover me can that was that? warranty was recovered a Mechanical and that was the only communication that you're claiming. Now, you're not claiming that they failed that they omitted to make Statement regarding the soy based Wrapping on the Munro knee sticker, right? Right. We're not saying that they had to make the statement on the Munro knee sticker The Munro knee sticker is what touts the warranty and tells what? Warranties will receive post sale though. What is the pre-sale? Communication that contains the misrepresentation or omission. We allege that the warranty book is Given post sale because it's in the vehicle when they get the car after they sign But the warranty itself and what it has is Pre-sale and we alleged it's a pre-sale touting Well on the vehicle itself on the Munro knee sticker is one way it's done No, we're not let me clarify We're not saying that they made a misrepresentation on the Munro knee sticker and we're not saying this is a misrepresentation Class or case This is an omission case where they were they should have that they should have said something about the soy based wrapping on the Munro knee Sticker no, no, we're not saying they should have no we're saying that they as far as an omission theory is concerned They should have said something at any point a communication of any kind would have satisfied the omission my question is as I understand the Illinois statute an Element an element of the Illinois statute is that it communication was made by the defendant to the plaintiff What communication was made by Honda to your plaintiffs that omitted the soy based? wires the warranty the communication of the The warranty was only delivered after the sale, right? No, your honor The warranty is is communicated on the vehicle on the sticker that says this vehicle is warranted Before the consumers buy the vehicle not the Munro knee sticker. It is the Munro knee sticker. Okay, so I Just want to make sure that I understand Your answer because I think we're all getting at the same thing as I understand it The statute that you're relying on in this case the claim in this case requires a pre-sale Communication that requires the misrepresentation omission, and I'm trying to understand What communication you're relying on it's the Munro knee sticker, that's your position Yes And it's the and it's the general knowledge that the consumers given about the warranty before they bought the vehicle Both of them were told that they're buying a vehicle that is warranted and and that communication alone Without telling them at some point afterwards Before they buy the car. Hey, there's more to this. There's a hidden problem that you don't know about We've changed the ingredients on this vehicle we've made it into soy rats are starting a rodents are starting to attack it and We're not covering that and for whatever reason we're calling it a design defect Which isn't covered by the warranty and and what we haven't put in this case, which isn't part of it We've they've used an an act of nature Defense on it, but we're not here talking about that It's they basically just been denying the claim saying it's not covered under the specific terms of the warranty Even though these people are led to believe that in our case the district court hold that Your clients fail to give Honda fair notice regarding which components were Were included in your complaint. What's your response to that? Thank you We believe that the district court aired When it when it found that we did not give the defendant proper notice or fair notice of the grounds of the claim Under rule 9b parties must state when alleging fraud particularity the Circumstances constituting the fraud the who the what the when the where and the how? Nowhere, though does this imply that we have to break down a complicated vehicle and name a specific component part Or identify the cubic foot within the vehicle where this occurred. We we've There's a case Hart versus Chrysler It was a Central District of California case where it was enough to put Chrysler on notice of the defect by just saying it was the manual transmission and then Describing the symptoms of it. I think we've done far more than that. We've identified the particular parts. We've given We stayed the power steering wiring is the issue. We point out the Honda service records specify the parts replaced We even give those those numbers Each was part of the power steering. So we made that clear For Honda to sit and say, you know, we don't know what they're talking about. They didn't give us notice Respectfully, they have to be kind of giving us a poke poke wink wink on that. They made this vehicle. They're aware of it They've been dealing with complaints about this for years as we've alleged So this isn't something that they're completely unaware of and that we got them out of the dark This is something that they know of and we told them very clearly So as far as complying with rule 9 requirements Which is what we have to do the who what when where and how well who we we identified Honda The what knowledge that they've changed these wires to soybeans and rats are attacking them the when prior to plaintiffs purchase the where At Honda authorized dealerships and how by failing to disclose a material issue to consumers that might change their mind So why wasn't this a contractual claim a breach of warranty claim? Well Because the terms of the warranty according to Honda and its warranty weren't breached We're not saying that Honda made some promise here that they're not fulfilling what they did Was this is kind of like the Pappas versus Peli case that we cited or the defendant made the same argument Aren't you just making a breach of warranty argument and the court said no They're saying that there was a material fact that you knew about That had that been disclosed to the consumers that might alter their decision to make this purchase what about an implied warranty claim At any point during the pleadings from original to amendment was their thought given to that Our thought was to not throw any warranty claims in this case at this point given what we were looking at We didn't want to make a kitchen sink complaint that we'd be up here arguing about things that really don't belong up here We really felt that the Illinois Consumer Fraud Act as a remedial statute as it is fits neatly into this case it is as the conic and pellet and Pappas case point out when you have no known facts that are being omitted that might change people's minds, but counsel your complaint appears to sound a Little bit in breach of warranty because she said Honda refuses to cover rodent related repairs under its manufacturers Warranty you also say Honda claims that the rodent tape is the solution to prevent further costly out of warranty repairs and Then you you define the class as owners of a Honda vehicle experienced a power steering malfunction attributed to road damage during the applicable new vehicle warranty period and Honda denied warranty coverage So it's in a way it could be Concluded that you're trying to plead around a breach of warranty, but you still have those breach of warranty type Allegations in the complaint, right? But but the case doesn't fit into the breach of warranty and Honda's warranty book It doesn't fit in so we really can't have a breach of warranty here And that's why Illinois's Consumer Fraud Act is remedial it actually allows for not just deceptive but unfair Acts or practices and let me talk about that for a moment May I ask you a question you asked for leave to amend it was denied you If you were to amend your complaint with respect to the Illinois Consumer Fraud Act What facts would you allege you mentioned that both of your plaintiffs were told the vehicle was warranted? would you allege actual facts of Honda telling them that it was warranted beyond the The the warranty that was given to them if if given an opportunity to amend the complaint Would you say we would I would definitely read judge rails opinion and definitely shore up those things Which he thought were a little short and we probably would Assure that we were a little more clear about how that warranty was taught into us Tell me what facts you would allege you've been with this case for a long time We would allege we would allege facts that dealt with directly with the actual conversations that mr. Preston stations were with mr. Preston in this and the Honda sales folks miss turgeon than a Honda sales folks We probably could expound a little bit more on that to make it a little bit clear how the warranty was touted to them We would definitely have a name of the Honda salesperson who actually made the representation. I I Don't think at the pleading stage. We have to name the actual name of the salesman at this point Was whether you have to Can you now tell us I can't because I'm not looking at mr Preston's contract that has the salesman's name on it But we do have one and we either is a name on it We do know who he spoke with but we don't name that person and I don't think it was necessary in the complaint Are you relying on the contents of that contract? To say that those representations were made or you're relying on conversations Outside that written contract, right? we're not relying on the contract itself because actually the contract is just a contract to buy the vehicle the issue that we have here is When you're buying the vehicle, there's something about it that you don't know. There's a hidden problem. It's not being disclosed to them So so your would your position be that the salesperson? Neglected to tell the buyer about this problem the the particular salesperson who's listed on the contract No, we think it's a company-wide problem. And that's that's where our unfair claims come in as well. This is a company-wide issue It's not just happening and it didn't just happen to mr. Preston or miss Turgeon. It's happening to thousands of consumers The problem is if you can't tell us Who said it when they said it? Isn't that not? Sufficient to state a claim if you can't give us the details We said who in that it was the Honda authorized dealerships again at the pleading stage and we said when it happened It was prior to the sale of the vehicle dealerships does not Give us so if the other party wanted to take a deposition of the person that you said made this representation They can't depose the Honda authorized dealership. They need to know who is the person? What was the date? What was the time so they can pinpoint who was on duty at that time so that we can depose that person and get an Answer as to what what was said in the pre-sale conversation. Thank you. And with the few moments I have I have a little time left Honda would know that long before we do. They're the salespeople. It's their store. It's their cars. They're selling They have access to these documents They know this stuff before they do so if they want to take a deposition of the salesman your clients know who they spoke with I think they know when they spoke with the person and they know where they spoke with the person That's something that should be in the complaint to give notice to Honda as to where to start to Look for the answer and we do name the store where they were bought and the date that these vehicles were purchased So we do name those things we do name the when and where I do I I'm out of time, but I hope that you'll leave me at least a moment to rebuttal. Thank you Mm-hmm, may it please the court Michael Malo Shikhari and bacon on behalf of American Honda So many issues that your honors have raised good questions judgment Let me just make quick work of the implied warranty claim question that you asked plaintiffs counsel There was an implied warranty claim in the original complaint plaintiffs did not Pursue an implied warranty or a breach of express warranty in their first amended complaint after they had read Honda's motion to dismiss the original complaint. So there was one it was abandoned in this case Just in terms of the issues to cover Plaintiff continues to make reference to a new vehicle warranty as your honors can see from Plaintiff's complaint itself at ER 28 Where plaintiffs included a copy of the new vehicle limit limited warranty. It is a new vehicle limited warranty Limited is in its name. It is not an all-expansive warranty and in fact plaintiff says in their briefing that a consumer cannot see The limited warranty prior to the purchase of sale If plaintiffs isn't that an issue of what would be covered under a warranty as opposed to whether or not there was a communication that It failed to warn these plaintiffs about a problem with the vehicle So whether or not it's covered under the warranty We don't get to that until we determine whether or not the statute Applies and whether or not this is a breach of warranty case. So for me, I'm trying to Garner from you. Was there a communication? That fit within the Illinois statute there is no communication Identified in the first amended complaint that would qualify under the Illinois statute So the answer is no there is not a communication other than the Monroney stickers Would said would not be sufficient well And in fact the Monroney sticker the plaintiff actually does not identify the specific statement from the Monroney sticker Identifying is the failure for the Monroney sticker to say anything about the soy based wiring Well first the question is was anything said about the the the warranty at all The second question is if something was said what was it said what was said plaintiffs seem to suggest that that the representation is an all-encompassing warranty that would cover and Council said it to you again this morning any mechanical problem. Well, I think council was talking about Representations that were made by the Honda salesman in orally Regarding the automobile if he allowed to amend he will allege time place and stand content But when when council first got up and addressed your honors He said that the plaintiffs purchase a vehicle with a new vehicle warranty and they expected it would cover all Mechanical problems. Well, he said that there was a sticker on the car that said warranty that the car was warranted Is that true or no Did this sticker say the car was warranted it said that it comes with a limited Warranty the word limited actually puts customers on notice that it's not going to cover Every mechanical problem and every difficult and and every issue that a that a customer may have it is a limited one that coupled with the Representation made by the salesperson would that be sufficient to constitute a communication? It would not because the salesperson is from an authorized Honda dealership. Those are independent entities American Honda is not the dealership and the dealership that is not American Honda There may be a case against the dealership But a statement by a salesperson that is not directed or under the control of American Honda would not apply to American Honda. So no the discussions between a salesperson at a dealer and Plaintiffs here would not be sufficient communication from American Honda About the warranty and let me let me point something out to your honors About plaintiffs position that a customer does not get or cannot have access to the language of the limited warranty prior to sale The Magnuson Moss Act requires The availability of warranty language prior to purchase Which is that and I'm sorry Magnuson Moss it is 15 USC 2302 B1 a and B4 a so if a customer receives a limited warranty Identified in in in the Monroney label, which by the way, these plaintiffs never alleged that they saw Then That warranty is available to them they can either ask the dealer for it or they can go online because an Alternative way of providing the warranty is to go online There are no allegations in this complaint none that American Honda violated Magnuson Moss by failing to provide access to the limited warranty Which contains the language that it only applies to workmanship and materials? Which contains the language that it doesn't apply to acts of nature? Which are the provisions that led plaintiffs to Abandon their express warranty claims those provisions are available There's no allegations suggesting that they are not and that American Honda violated federal law By failing to make those warranty that warranty language available Your honor's asked whether this case is just a breach of express warranty or a breach of warranty claim and That the ICFA allegations are intended to Plead around the the inability to bring a breach of warranty claim I think counsel in fact admitted as such But if there's any question and and judge Rawlinson you read a number of excerpts that I would have pointed out to but there are Some that you have not At plaintiffs opening brief at page 9 there's a heading and it says the plaintiffs sufficiently alleged consumer fraud against Honda for its refusal to Cover under warranty repairs caused by its own conduct On page in Paragraph 65 which is quoted in plaintiffs reply brief They say Honda's unfair conduct and this is the conduct that they say is unfair. This is the trigger that they claim Leads to the violation of the ICFA Honda's unfair conduct quote failing to notify consumers that there exists a condition with the vehicle that is not Out-of-pocket expense to repair If or failure to warrant its defective wire coding insulation There is no question that this case is based on plaintiffs belief that Honda Breached its warranty by not covering Repairs needed as a result of rodent damage. It is equally clear that ICFA precludes that precise type of Allegation Avery versus State Farm the Illinois Supreme Court case Specifically says as a matter of law Plaintiffs consumer fraud claim may not be based on the assertion that State Farm breached its promise to restore plaintiffs Vehicles to their pre-loss condition in this case It can't be based on Honda's refusal to cover rodent damage under its limited warranty When allegations of consumer fraud arise in a contractual setting as it has in this case And all one needs to do is read the complaint and the amended complaint to see that when allegations of consumer fraud arise in a contractual setting the plaintiffs must prove that the defendant engaged in deceptive actual practices and This is an important word distinct distinct from any underlying breach of contract Avery explains that a deceptive act or practice involves more than the mere fact that a defendant promised something and then failed to do it That type of misrepresentation occurs every time a defendant breaches a contract Here and this is in Greenberg as well In Avery the consumer fraud and contract contract claims raced on the rest on the same factual foundation No distinct deceptive acts are alleged If your honors go back and take a look at There's no conceivable way that you can amend this complaint There is no conceivable way to one that because at the end of the day What plaintiffs are unhappy with is Honda's refusal to cover the repairs under its warranty and they say it over and over and over again and It's so long as this case is tethered to the warranty Avery and the federal court cases Greenberger versus Geico and Langendorf versus Conseco would preclude Bring in an ICFA claim to plead around a Breach of contract or in this case breach of warranty claims I don't know what it's like under Illinois law, but in California law a plaintiff complete inconsistent counts Right it can but under Illinois law under ICFA Avery says they cannot do that and And in and in Avery and Greenberger and Langendorf the plaintiffs say The defendant failed to live up to their contractual obligations Just as the plaintiffs say here, and then they say well We are not the our ICFA claim is not based on the breach of contract. It's it's so much more It's the failure to disclose what the defendants are up to in the case of Avery I'm sorry in Avery It was failing to Allow for the use of OEM or original manufactured parts in the estimate of repair damage In Greenberger, it's the I'm Sorry in Just list out you have failure to use that to disclose that original OEM parts would be used in repair estimates in another case you have the Failure to provide the failure to disclose that proof is required by a claimant The same thing here what they're saying is hey, you didn't tell us rodent damage is covered And let me remind this court and plaintiffs do not do not argue otherwise rodent damage due to In two wires in engine compartments of vehicles has been a problem since there have been vehicles plaintiffs do not suggest otherwise and Plaintiffs in this case Have dispensed with the notion that in fact the wires Are responsible for bringing the rodents into the vehicles in the first place if your honors look At page 13 of plaintiffs Reply brief they say the following and talking about judge reels Dismissal order the court misconstrued plaintiffs allegations entirely Plaintiffs claims are not premised on the fact that wires are defective because the rodents chew on them So we're saying that's not their claim Plaintiffs do not suggest that the wires were chewed because the rodents were lured to the cars in general as The courts opinion seems to indicate so that can't be their claim Instead plaintiffs properly alleged that the animals are eating the food and food doesn't belong in an engine compartment At this point I'm not sure what the claim is But it's not that the soy wires are defective and it's the claim is that you didn't tell them that rodents ate wires I'm sorry. You didn't tell them that rodents ate wires and you knew it Rodents eat wires. They've been doing it for Since there've been vehicles. What are you saying? It's not necessary to tell everybody that that's a matter of common knowledge absolutely Now what the plaintiffs are saying is somehow But they're saying and on one hand and then disavowing on the other Is that rodents chew wires more frequently in Honda vehicles? But on the other hand, they're saying but they rodents don't get into The Honda engine compartments because they're about the presence of alleged soy wires They're back and forth on that. The one thing that is clear is that plaintiffs brought this case because Honda wouldn't cover their claims under its limited warranty and that claim cannot be brought on to ICFA and No amount of changing the allegations in their pleadings is going to change the fact that this case is based on breach of warranty and That plaintiffs are trying to get around the inability to bring the breach of warranty claim using ICFA and that's not permitted sell peppery tape that roses didn't like Honda does sell as a as a potential remedy for those who have rodent Problems tape that is intended to detract Honda told these folks you ought to buy some of this tape I'm sorry. Is there any evidence that they told these folks that you ought to buy some of this tape? I don't know if there's evidence the plaintiffs allege that the dealers suggested the Honda tape after the fact All right, thank you counsel, thank your honors Thank you your honors To begin with I just want to start with one quick comment that council made a few times and that's regarding The fact that rodents have been damaging vehicles forever. Um, I Didn't know this and maybe the panel has different experience than I do Maybe counsel is different experience than I do but our complaint alleges that this is something that is cropped up After Toyota changed the I'm sorry after Honda Changed the ingredients to the vehicle and that's kind of an important factor here is that they change the ingredients This isn't the same car. It's always been for as long as Honda's been around and I've never heard that Rodents have been chewing wires for as long as cars have been around that's news to me and that's not part of the pleadings and That's not part of our case Um, I didn't get a chance to discuss unfair claims because we were asked questions about what communications were made to the plaintiff in this matter And we also have unfair claims here and unfair claims under the Illinois Consumer Fraud Act don't require an actual communication There's an abundance of Seventh Circuit cases that discuss the Illinois Consumer Fraud and Deceptive Business Practices Act that talks about it And if a plaintiff can show conduct that is contrary to public policy Immoral unethical oppressive and or unscrupulous or causes substantial harm to consumers You have an unfair claim and you don't need to have all three one or two can stand on their own in This case at the record and it's starting a pair of page 30 in the in the record We allege a defense public policy because given that auto manufacturers are governed by reliability and safety standards This is a moral unethical oppressive or unscrupulous as these omissions still occur despite years of consumers complaints and this causes substantial harm to consumers and I don't want to leave that off because These mechanical failures besides diminishing the value of the vehicles are causing people to go out of pocket Michael Preston's bill was over $2,000 people buying a new vehicle. Do not expect the power steering to go out And then you have to pay $2,000 Communications unnecessary if the claim if you're making a valid unfair. Yes, your honor That is it and I'm now out of time and I want to thank the court very much for its effort for my opportunity To be heard today. Thank you. Thank you both counsel for your arguments The case just argued is submitted for decision by the court
judges: Rawlinson, Bea, Nguyen